## Staunton.

## WARD v. SCHERER.

### SEPTEMBER 15, 1898.

1. PLEADING—*Infancy—Ratification.*—A replication to the plea of infancy in an action on a bond that the defendant had ratified the contract by a writing signed by her after coming of age, is not supported by proof of a promise to pay an open account when no reference is made to the bond in suit, and it is not shown that the bond was given for the account.

2. CONTRACTS—*Infants—Ratification.*—No particular form of words is necessary to constitute a ratification after coming of age of a contract made during infancy, but the words must import an unequivocal and unconditional recognition and confirmation of the previous engagement, though they need not amount to a direct promise to pay. The memorandum or writing must recognize the debt as binding on the person who signs it, and must, in express terms or by fair construction, refer to the contract to be ratified, and treat it as still subsisting. If, however, it be such a writing as would bind a principal, who was an adult, as a ratification of the act of a party acting as his agent, it will be sufficient.

Error to a judgment of the Circuit Court of Roanoke county rendered October 6, 1897, in a proceeding by motion wherein the defendant in error was the plaintiff, and the plaintiff in error was the defendant.

*Reversed.*

The opinion states the case.

*Phlegar & Johnson,* for the plaintiff in error.

No counsel for the defendant in error.

CARDWELL, J., delivered the opinion of the court.

This is a writ of error to a judgment of the Circuit Court of Roanoke county against the plaintiff in error upon a bond executed by her to the defendant in error before the former's marriage, and during infancy. The action was by motion under the statute, and to the plea of infancy offered by the defendant in the court below, the plaintiff replied that the "defendant has, since she has become twenty-one years of age, ratified and acknowledged in writing the promises to pay the debt in the papers in this motion set forth," to-wit, by four writings signed by her and made parts of the replication.

Objection was made to the filing of the replication, but the objection was overruled and the replication was filed. The defendant then demurred to the replication, in which demurrer the plaintiff joined, and the demurrer was overruled, and judgment rendered against the defendant for the amount of the bond, $503.82, with interest thereon from its date, June 8, 1896, till paid.

The case may as well be disposed of here on the demurrer to the replication to the plea of infancy without considering the exception to the ruling of the court below in permitting the replication to be filed.

The writings relied on as " a ratification or acknowledgment by the defendant in writing of the promise to pay the debt sued on " are four letters written by her after she attained the age of twenty-one years.

The first was written in reply to a notice that The Salem National Bank held " an open account " against her for $505.35, which is not the amount of the bond sued on, and after declaring that her former guardian was liable for the account, she says, " I would fain pay the amount if I could."

The second letter was to the plaintiff, in which the defendant expressed concern about an open account which she supposed had been settled by her former guardian, and after saying, " I will cancel the account if it remains unpaid," she uses the expression, " I know it is an open account and has run out, but will pay you every cent."

The third letter expresses doubt as to the honesty of the account and the promise " to settle satisfactory," is conditioned on the account being honest, and the ability of the writer to obtain the " wherewithal."

The last refers to two accounts between the parties, and the promise then made is to pay Fannie's first, and " then the other," but this is qualified by the preceding clause, " provided I find all the truth rests on your side."

Whatever might have been the effect if this action had been brought on the open account referred to in the letters, there is certainly no reference in either of them to the bond sued on, and nothing to show that the bond is for the account about which she was speaking in her correspondence. Every expression contained in these letters that might by any possibility be construed as a ratification or promise to pay the debt sued on is either coupled with a condition, or falls short of such a ratification of a promise previously made as would justify the judgment of the court below upon the demurrer to the replication.

No particular form of words is required to make a confirmation of a debt contracted by a person when an infant after he attains his majority, but they must import an unequivocal recognition and confirmation of the previous engagement, though they need not amount to a direct promise to pay. Section 2840 of the Code provides that no action shall be maintained whereby to charge any person upon any promise, made after full age, to pay any debt contracted during infancy, or upon any ratification after full age of any promise or simple contract made during infancy, unless such promise or ratification shall be made by some writing, signed by the party to be charged therewith. This statute follows almost in exact terms 9 Geo. IV., c. 14, s. 5, and the decisions construing that statute have held that any written instrument, signed by the parties, which, in the case of adults, would have amounted to an adoption of the act of a party acting as an agent, will, in

the case of an infant who has attained his majority, amount to a ratification. The memorandum or writing, to be sufficient, must recognize the debt as a debt binding upon the party who signs it. It must, either in terms, or on a fair construction of the instrument, refer to the contract which is to be ratified, and treat it as a subsisting contract. Smith on Con. (5th Ed.), 323; 1 Chitty on Con. (11th Ed.), 221; 1 Minor's Inst. 521; 3 Minor's Inst. 176. See also 18 Amer. State Reports 701, 708, 713 and authorities there cited.

The last letter made a part of the replication to the plea of infancy in this case, referring as it does to two accounts, renders it all the more difficult to ascertain with any degree of accuracy to what account the writer referred in the other three letters, but by no construction that we can give to either of these letters, or to them when read together, can they be held to amount to a ratification of the contract evidenced by the bond sued on.

We are therefore of opinion that the judgment of the court below is erroneous, and should be reversed; and that judgment be rendered by this court for the plaintiff in error, with costs.

*Reversed.*